# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JEREMY CRAIG,

        Petitioner,                Case Number: 2:10-CV-13952

v.                                      HON. PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

CARMEN PALMER,

        Respondent.

_____/

## ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Jeremy Craig has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, presently incarcerated at the Cooper Street Correctional Facility, asserts that he is being held in violation of his constitutional rights. Petitioner pleaded guilty in Wayne County Circuit Court to one count of second-degree criminal sexual conduct. The Court concludes that Petitioner has not properly exhausted his state court remedies and dismisses without prejudice the habeas corpus petition.

### I. Background

On June 15, 2010, Petitioner was sentenced to eight to fifteen years' imprisonment for the second-degree criminal assault conviction. He did not seek leave to appeal his conviction or sentence in the Michigan Court of Appeals or Michigan Supreme Court. *See* Petition at 2. Instead, he filed the pending habeas corpus petition, raising the following claims: (i) the respondents overcharged Petitioner for the purpose of inducing

him to plead guilty to a more serious offense; and (ii) the trial court failed to consider information contained in the pre-sentence information report when imposing sentence.

## II.  Discussion

Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845 (internal quotation omitted). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160

(6th Cir. 1994).

Petitioner states that he has not appealed his conviction in state court because the questions raised involve questions of federal law, his right to a fair trial and to due process, and because his application for leave to appeal likely would be denied. The exhaustion requirement is not waived because a petitioner raises federal constitutional claims. Neither is it waived because the state courts often do not grant leave to appeal in plea cases. M.C.R. 7.205(F) allows an applicant twelve months from the entry of the judgment or order being appealed to file a delayed application for leave to appeal in the Michigan Court of Appeals. Accordingly, the time for filing a delayed application for leave to appeal in the Michigan Court of Appeals has not expired. Therefore, Petitioner has an available remedy in state court to exhaust his claims.

Where a petition contains both exhausted and unexhausted claims, the Sixth Circuit Court of Appeals has advised that a district court may dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion. *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002). *See also Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies). The Court of Appeals also has approved a district court's dismissal of a mixed petition where the district court's order of dismissal provided safeguards such that the dismissal would not jeopardize the timeliness of a future habeas petition. *Hargrove v. Brigano*, 300 F.3d 717,

719-721 (6th Cir. 2002).

In this case, the petition contains no exhausted claims over which the court may retain jurisdiction. In addition, because Petitioner's conviction is not yet final, the one-year limitations period applicable to the filing of a habeas petition has not yet commenced. *See* 28 U.S.C. § 2241(d)(1). Thus, the court finds the most reasonable approach to be a dismissal without prejudice so that Petitioner may pursue exhaustion of his state court remedies.

### III. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition contains only unexhausted claims. Therefore, the Court will deny a certificate of appealability.

### IV. Conclusion

For the reasons stated, the Court **DISMISSES** the petition for a writ of habeas corpus without prejudice and **DENIES** a certificate of appealability.

**SO ORDERED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 21, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 21, 2010.

S/Denise Goodine
Case Manager